TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00197-CV






Robert Ersek, M.D., Appellant



v.



Davis & Davis, P.C., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 99-13296, HONORABLE PAUL DAVIS, JUDGE PRESIDING







 Appellant Robert Ersek, M.D., sued Davis & Davis, P.C., appellee, alleging legal
malpractice and violation of the Deceptive Trade Practices Act. (1)
 The trial court granted summary
judgment for appellee. Appellant asserts two issues complaining that the trial court erred in
excluding his expert witness affidavit and granting summary judgment in favor of appellee. We hold
that the expert's affidavit was properly excluded and affirm the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND


 Ersek sued Davis & Davis by filing his petition on November 12, 1999, alleging: (1)
legal malpractice based on the firm's negligent representation of him in a medical malpractice action;
and (2) violation of the DTPA based on the firm's misrepresentations regarding its competency to
adequately represent Ersek in the underlying medical malpractice action. Francis A. Bradley and
Mark A. Keene were the attorneys assigned by the firm to represent Ersek in the underlying action.

 Davis & Davis filed special exceptions to Ersek's original petition March 16, 2000,
as to the negligence claim. On April 17, Ersek filed a response to the firm's request for disclosure
and answered interrogatories in which he indicated that he had not retained an expert witness. In
May, Ersek changed counsel, and in September, he supplemented his answers, but did not identify
an expert witness.

 On November 6, 2000, Davis & Davis filed a motion for summary judgment and
included a supporting affidavit signed by Keene. Ersek filed a response to the motion on December
7 and included a supporting affidavit signed by attorney David L. Shapiro. In addition to the
response, Ersek filed a motion for continuance and a supplemental response to disclosure that
identified Shapiro as an expert witness. On December 11, Davis & Davis filed a motion to strike
Shapiro's affidavit and any attempted supplementation of discovery to include Shapiro as an expert
witness. The trial court granted both the motion to strike Shapiro's affidavit and the motion to grant
summary judgment.


EXPERT WITNESS AFFIDAVIT


 In his first issue on appeal, Ersek asserts three complaints alleging that the trial court
erred in striking the affidavit of his expert witness, Shapiro. The trial court's decision to strike
Shapiro's affidavit is governed by an abuse of discretion standard. See Alvarado v. Farah Mfg. Co.,
830 S.W.2d 911, 914 (Tex. 1992). The test is whether the trial court acted without reference to any
guiding principles. Mack v. Suzuki Motor Corp., 6 S.W.3d 732, 733 (Tex. App--Houston [1st Dist.]
1999, no. pet.). We look to the Texas Rules of Civil Procedure to determine whether Ersek complied
with the schedule for designating expert witnesses. Rule 190.3 determines the discovery period. See
Tex. R. Civ. P. 190.3(b)(1)(B)(ii). Both parties agree that the discovery period ended January 17,
2001. Rule 195.2 controls the schedule for designating experts. See Tex. R. Civ. P. 195.2(a). This
rule requires that a party seeking affirmative relief must designate all experts ninety days before the
end of the discovery period; in this case, Ersek was required to designate any expert witness by
October 19, 2000. Ersek does not dispute that he failed to designate Shapiro by this date. Rather,
he contends that he complied by designating no expert witness before the deadline and then
supplementing his response identifying Shapiro after the deadline.


Supplementation

 First, Ersek contends that he was entitled to supplement his initial response in which
he designated no expert witness. He directs our attention to rule 193.5, which imposes a duty to
supplement discovery responses. See Tex. R. Civ. P. 193.5. He contends that on April 17, 2000,
he responded to the firm's discovery request and disclosed that he had no expert witness at that time. 
On November 6, Davis & Davis filed a motion for summary judgment. Subsequently, on December
7, Ersek filed a response to the motion for summary judgment and a supplement to his discovery
response in which he designated Shapiro as an expert witness for the first time. Further, Ersek
directs our attention to rule 195.6, which provides that a party's duty to amend or supplement written
discovery regarding a testifying expert is governed by rule 193.5. See Tex. R. Civ. P. 195.6. 

 Ersek contends the trial court erred in determining that rule 195.2 imposed a deadline
of October 19, 2000, for designating an expert witness for a party seeking affirmative relief. He
contends he was entitled to designate no expert witness by the October 19 deadline and later
supplement his response identifying Shapiro as his expert witness. We disagree. In Texas, a
plaintiff in a legal malpractice suit is required to present expert testimony regarding the standard of
skill and care ordinarily exercised by an attorney. Hall v. Rutherford, 911 S.W.2d 422, 424 (Tex.
App.--San Antonio 1995, writ denied). Had Ersek designated an expert witness before the deadline,
then supplemented his response substituting Shapiro, we would find his argument persuasive. See
Best Indust. Uniform Supply Co. v. Gulf Coast Alloy Welding, Inc., 41 S.W.3d 145, 148 (Tex.
App--Amarillo 2000, pet. denied). Ersek, however, never designated an expert witness as required
by law. See Tex. R. Civ. P. 195.2(a). (2)


Late Designation

 Second, Ersek contends he met the requirements for late designation of his expert
witness based on rule 193.6. See Tex. R. Civ. P. 193.6(b). Under this rule, Ersek may not offer the
testimony of Shapiro unless the court finds good cause for late designation of an expert witness or
that the late designation does not unfairly surprise or prejudice the firm. First, we consider good
cause for the late designation. Ersek was required to provide expert testimony to establish his cause
of action. The suit was filed November 12, 1999. Shapiro was designated December 7, 2000. We
hold that the trial court did not abuse its discretion in concluding that appellant did not establish
good cause by failing for more than one year to designate an expert witness to support his cause of
action. See Snider v. Stanley, 44 S.W.3d 713, 717 (Tex. App.--Beaumont 2001, no pet.) (trial court
did not abuse discretion in failing to find good cause for failure to designate expert witness when
more than one year had lapsed since suit filed).

 Next, we consider unfair surprise or prejudice resulting from the late designation. 
Ersek contends that Davis & Davis was not unfairly surprised or prejudiced because an expert
witness was required to establish this cause of action and because Ersek offered Davis & Davis open
access to depose the expert witness. We do not find these arguments persuasive. First, the fact that
an expert witness is necessary to establish Ersek's cause of action does not establish that the defense
would not be unfairly surprised by this expert named at this time. "The rules were revised to make
that sort of anticipation unnecessary." Id. The supreme court discussed the concept of unfair
surprise prior to the revision of the rules in Alvarado v. Farah Manufacturing Co.:


Determining whether a party is really surprised by an offer of testimony not formally
identified in discovery is difficult. The better prepared counsel is for trial, the more
likely he is to have anticipated what evidence may be offered against his client, and
the less likely he is to be surprised. It would hardly be right to reward competent
counsel's diligent preparation by excusing his opponent from complying with the
requirements of the rules. . . . A party is entitled to prepare for trial assured that a
witness will not be called because opposing counsel has not identified him or her in
response to a proper interrogatory.



830 S.W.2d at 915. Furthermore, simply granting the firm the right to depose the witness does not
ensure that it is not unfairly surprised or prejudiced. See Snider, 44 S.W.3d at 717-18. Accordingly,
we hold that the trial court did not abuse its discretion by failing to conclude that Davis & Davis was
not unfairly surprised or prejudiced by Ersek's failure for more than one year to designate an expert
witness to support his cause of action.


Improper Sanction

 Third, Ersek complains that he was "sanctioned" inappropriately as a result of his
failure to timely designate his expert witness. He contends the trial court erred because sanction
rules and discovery rules do not apply to summary judgment proceedings. Ersek cites State v.
Roberts, 882 S.W.2d 512 (Tex. App.--Austin 1994, no writ), and Gandara v. Novasad, 752 S.W.2d
740 (Tex. App.--Corpus Christi 1988, no writ), in support of his position. Both of these cases were
decided before the revision of the rules of civil procedure. Before 1999, the discovery period began
when the suit was filed and ended the date set for trial. See Technical Corrections to the Revisions
to the Texas Rules of Civil Procedure, 981-982 S.W.2d XXXVII. Any expert witness was required
to be designated thirty days prior to the end of the discovery period. See Tex. R. Civ. P. 166b(6)(b)
(West 1998, repealed 1999); Tex. R. Civ. P. 215(5) (West 1998, amended 1999). In other words,
the ending date of the discovery period and, therefore, the date for designating an expert were fluid. 
If the trial were postponed for any reason, the discovery period and the period for designating an
expert were extended. For this case filed after January 1, 1999, the discovery period begins when the
suit is filed and ends nine months after the earlier of the date of the first oral deposition or the due
date of the first response to written discovery. See Tex. R. Civ. P. 190.3(b)(1)(B)(ii).

 In Roberts, the trial court excluded expert witness affidavits in a summary judgment
proceeding, concluding that the party had failed to designate the witnesses as experts at least thirty
days before trial assuming the trial were held that day. Roberts, 882 S.W.2d at 514. This Court
reversed the trial court, concluding that a summary judgment proceeding was not considered a trial
for purposes of the 1998 version of rule 215; rather, the reference to "trial" in the rule was a
reference to a "trial on the merits," and summary judgment proceedings were governed by rule 166a. 
Id. The Roberts case may be distinguished from the present case. After the revision of the rules, the
discovery period under rule 190.3 now ends nine months after the date of the first oral deposition
or the due date of the first response to written discovery, whichever is earlier. In other words, both
the date for the end of the discovery period and the date by which an expert must be designated are
dates certain that do not fluctuate depending on the date of the trial. In Roberts, the party offering
the expert witness affidavits may have been able to use the affidavits at the trial on the merits under
the rules in effect at that time. If the experts were designated at least thirty days before trial, their
testimony would be admissible. This Court reversed the trial court because we were incapable of
knowing whether the evidence would be admissible or not. Id. at 515. In the present case, however, 
Ersek may not use Shapiro's expert witness affidavit at the trial on the merits because he failed to
timely designate his expert by the date certain. See Tex. R. Civ. P. 193.6(a). Furthermore, he could
not establish good cause for his failure to designate his expert; nor could he establish that appellee
would not be unfairly surprised or prejudiced. Id. Therefore, the evidence may not be admitted in
the summary judgment proceeding held after the deadline for designating expert witnesses.

 In Gandara, the trial court allowed expert witness affidavits in a summary judgment
proceeding even though the party had failed to supplement his answers by designating his expert
witnesses. Gandara, 752 S.W.2d at 743. However, because the party filed his summary judgment
motion and the supporting affidavits of his expert witnesses 124 days before the hearing, the court
held that the party complied with the procedures of rule 166a regarding summary judgments and the
affidavits would not be excluded as evidence at the trial on the merits. Id. Again, this case can be
distinguished from the present case because of the rule change. Under the revised rules governing
the discovery period and the period for designating expert witnesses, Ersek may not use Shapiro's
expert witness affidavit at the trial on the merits. He failed to timely designate his expert by the date
certain and failed to establish that an exception to this requirement applied in this case. As a result,
the evidence may not be admitted at the trial on the merits. See Tex. R. Civ. P. 193.6(a). Therefore,
the evidence may not be admitted in the summary judgment proceeding held after the deadline for
designating expert witnesses.


Policies and Purposes of Discovery Rules

 Although prior decisions such as Roberts and Gandara have held that rule 166a
controls summary judgment proceedings, we are compelled to modify those holdings in light of the
1999 revision of the rules of civil procedure. Applying rule 190.3(b)(1)(B)(ii) to this case, the
discovery period ended January 17, 2001, and applying rule 195.2(a), the deadline for designation
of expert witnesses was October 19, 2000. Ersek's failure to designate a witness by this date results
in his inability to present testimony from his expert at the trial on the merits, under rule 193.6(a). 
Therefore, the testimony should be excluded at the summary judgment hearing.

 This analysis is consistent with the policies and purposes of the discovery rules. In
Best Industrial Uniform Supply Co., the Seventh Court of Appeals discussed the goals of the
discovery process as articulated by the supreme court. Best Indust. Uniform Supply Co., 41 S.W.3d
at 147. The first goal is to provide parties with notice of the evidence that the opposing party intends
to present. Id. For example, in the case of witnesses, the discovery process insures that a witness
will not be called when the opposing party has not previously identified the witness. Id. The
purpose achieved by this goal was simply stated: "By encouraging full discovery of issues and facts
prior to trial, parties are able to assess their respective positions, thereby facilitating settlement
disputes." Id. The second goal of the discovery process is to prevent trial by ambush. Id. In other
words, the trial should be based upon the merits of the parties' claims and defenses, rather than an
advantage obtained by one side through a surprise attack. Id. In the present case, Ersek failed to
designate his expert witness by the deadline provided by the rules and only informed the opposing
party at the last possible moment--after a motion for summary judgment had been filed. Ersek did
not provide appellee with proper notice of the evidence that he intended to present with regard to his
expert witness. Furthermore, the impetus for Ersek's disclosure of his expert witness was the firm's
motion for summary judgment. We cannot speculate as to when Ersek might otherwise have chosen
to inform Davis & Davis of his chosen expert witness; however, the failure to designate an expert
witness for over one year and the identification of the witness at the last possible moment does not
comport with the policies and purposes of the discovery rules. We overrule Ersek's first issue.


SUMMARY JUDGMENT PROOF


 In his second issue, Ersek asserts two complaints alleging that the trial court erred in
granting the motion for summary judgment based on no evidence and based on the evidence
submitted by the appellee's expert testimony. We may uphold the trial court's ruling on either
ground.

No Evidence

 First, we consider the no-evidence finding. We held previously that Shapiro's
affidavit was appropriately excluded. Without expert testimony, Ersek has no evidence to support
his cause of action. See Hall, 911 S.W.2d at 423. He asserts that correspondence from Fred Davis,
an attorney with Davis & Davis, established a standard of care sufficient to carry the case forward. 
We disagree. Davis was never identified as an expert witness. For the same reasons that Shapiro
is excluded, Davis is excluded.

 Ersek also claims that he and his wife provided affidavits raising fact issues. Lay
witnesses, however, are not competent to controvert an expert's opinion, which the firm provided
with Keene's affidavit. See Anderson, 808 S.W.2d at 55. Furthermore, Ersek claims that some of
the allegations against Davis & Davis do not require expert testimony. The appellant reaches this
conclusion by fracturing his cause of action into claims of legal malpractice and violation of the
DTPA. In the case of a legal malpractice claim, there is no need to fracture the issues. As succinctly
stated in Sledge v. Alsup:


Nothing is to be gained by fracturing a cause of action arising out of bad legal advice
or improper representation into claims for negligence, breach of contract, fraud or
some other name. If a lawyer's error or mistake is actionable, it should give rise to
a cause of action for legal malpractice with one set of issues which inquire if the
conduct or omission occurred, if that conduct or omission was malpractice and if so,
subsequent issues on causation and damages. Nothing is to be gained in fracturing
that cause of action into three or four different claims and sets of special issues. . . .
The ultimate issue is whether there has been a breach of duty which causes damage. 


759 S.W.2d 1, 2 (Tex. App.--El Paso 1988, no writ). Accordingly, Ersek can offer no evidence to
support his cause of action. This ground supports the summary judgment, and we need not address
the other ground asserted. Appellant's second issue is overruled.


CONCLUSION


 Applying the revised rules creating a date certain for the designation of expert
witnesses, we affirm the trial court's exclusion of Ersek's untimely designated expert and the
subsequent summary judgment in favor of Davis & Davis.



 

Justice Bea Ann Smith

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: January 25, 2002

Publish

1. Tex. Bus. & Com. Code Ann. § 17.49(c)(1) (West Supp. 2002). We will refer to this Act as
the "DTPA."

2. We have determined that Ersek failed to timely designate an expert witness and was, therefore,
not entitled to then designate an expert witness in a supplemental discovery response. Even
assuming that Ersek was entitled to supplement his response, however, we conclude that Ersek did
not supplement his response "reasonably promptly." See Tex. R. Civ. P. 193.5(b). Davis& Davis
submitted a request for disclosure on March 17, 2000. Ersek filed his response disclosing no expert
witness April 17. Ersek did not supplement his response to identify an expert witness, which was
required in order to establish his claim, until December 7. The trial court was within its discretion
in determining that Ersek, in waiting almost eight months, did not supplement his response
"reasonably promptly."