Opinion filed November 2, 2006


















 
 
  
 
 







 
 
  
 
 




Opinion filed November 2, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00405-CV

                                                    __________

 

                  IN THE INTEREST OF G.N.H. A/K/A G.N.R., A CHILD

 

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                        Midland County, Texas

 

                                                Trial
Court Cause No. FM 43337

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This is an appeal of the trial court=s denial of a bill of review involving
the termination of  the parental rights
of Steven Wayne Rossler Jr., the father of G.N.H. a/k/a G.N.R.  Rossler appeals.  We reverse and remand.  

Rossler presents two issues for review.  In his first issue, Rossler contends that the
trial court applied the wrong standard of proof with respect to the bill of
review.  In the second issue, Rossler
contends that the trial court abused its discretion in denying the bill of
review.  








A bill of review is an equitable proceeding to set
aside a judgment that is not void on the face of the record but is no longer
appealable or subject to a motion for new trial.  Baker v. Goldsmith, 582 S.W.2d 404,
406 (Tex.
1979).  A petition for bill of review may
be brought to attack an order terminating parental rights.  Generally, a petitioner for bill of review
must plead and prove (1) a meritorious defense to the cause of action alleged
to support the judgment (2) that the petitioner was prevented from making by
the fraud, accident, or wrongful act of the opposing party (3) without any
fault or negligence of the petitioner.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751-52 (Tex. 2003); see also
Thompson v. Tex. Dep=t
of Protective & Regularity Servs., 123 S.W.3d 580, 581-82 (Tex. App.CEl Paso 2003, pet. denied); In re
A.L.H.C., 49 S.W.3d 911, 915-16 (Tex. App.CDallas
2001, pet. denied) (bill of review involving a termination that was not based
upon relinquishment).  However, if a
parent petitioning for a bill of review executed an affidavit of relinquishment
of parental rights or an affidavit of waiver of interest in a child, the
petition for bill of review must be brought within six months after the
termination order.  Tex. Fam. Code Ann. ' 161.211 (Vernon 2002).  Section 161.211(c) additionally provides
that, when a termination order is Abased
on an unrevoked affidavit of relinquishment@
or waiver, a direct or collateral attack Ais
limited to issues relating to fraud, duress, or coercion in the execution of
the affidavit.@  

Rossler timely filed a petition for bill of review
seeking to set aside the termination order. The order terminating Rossler=s rights did not mention the
relinquishment but instead, and perhaps inadvertently, found that Rossler had Aengaged in conduct or knowingly placed
the child with persons who engaged in conduct that endanger[ed] the physical or
emotional well-being of the child.@  Consequently, Rossler=s
petition for bill of review challenged the termination order under both the
Section 161.211 and the general bill of review standards.  In the petition, Rossler acknowledged
executing an affidavit of relinquishment, but he asserted that he executed the
affidavit of relinquishment B
which included a waiver of service B
as a result of fraud, duress, or coercion. 
Rossler alleged that he had a meritorious defense; that he was prevented
from presenting this meritorious defense because of the fraud, accident, or
wrongful actions of his wife[1];
and that he was not negligent or at fault. 
Rossler properly attached an affidavit to his petition.








Rossler=s
affidavit detailed the events surrounding the termination, including the
execution of the relinquishment and the conduct of Rossler=s wife. 
Rossler=s son
G.N.H. was born while Rossler was deployed in Iraq.  Upon returning and after using his leave
time, Rossler was stationed at Fort
 Hood.  Rossler=s
wife refused to accompany him there; she and G.N.H. stayed behind.  When G.N.H. was approximately three and
one-half months old, Rossler=s
wife first approached him about signing over his rights.  Rossler asserted that he Abegged her not to give up@ on him.  Rossler=s
wife, however, limited Rossler=s
access to G.N.H. and then withheld access altogether.  Rossler asserted that he executed the
affidavit of relinquishment and waiver of service as a result of his wife=s promise that he could have a Asecond chance@
if he would sign the affidavit and that signing the affidavit was the only way
to get a second chance and have greater access to G.N.H.  Rossler stated that his wife assured him that
she would not take G.N.H. away from Rossler. 
However, Rossler=s
parental rights were thereafter terminated by court order when G.N.H. was only
seven months old.            The trial
court held a hearing on the bill of review. 
At the beginning of the hearing, the attorney representing G.N.H.=s mother, Ashley Nicole Hodges, who was
by this time divorced from Rossler, called the court=s
attention to Hodges=s
requests for disclosure under Tex. R.
Civ. P. 194 and to Rossler=s
responses.  Hodges had requested that
Rossler state the legal theories and, in general, the factual basis of his
claims or defenses.  Rossler=s attorney had merely responded that it
was in the best interest of the child that Rossler=s
parental rights be reinstated or restored. 
Based upon this response, Hodges=s
attorney requested that the trial court exclude any evidence not related to the
best interest issue.  Rossler=s attorney explained that Hodges was
put on notice of Rossler=s
claims and defenses by the petition and the affidavit attached to the petition
and by Rossler=s
responses to the written interrogatories. 
However, because Rossler=s
attorney had not more fully answered the Rule 194 request, the trial court
ruled: 

THE COURT: 
Well, the Court, then, is not going to permit you to present any
testimony on anything other than it=s
in the best interest of the child. 

 

.  .  .  .

 

Then that=s
the only thing that you=re
going to be able to contest today with regard to this bill of review.  

 

            [ROSSLER=S COUNSEL]:  Well, we also want to contest the fact that the
affidavit for terminating the parental rights of Steven Rossler was signed due
to fraud, duress and coercion. 

 








THE COURT: 
I=m going
to go ahead and allow him to permit -- permit him since this is a bill of
review to put those things on, but it=s
not going to be for the Court=s
consideration in making a determination in today=s
hearing.  

 

All the Court is going to make a determination on
in your bill of review today is the issue that it is in the best interest of
the child. 

 

We hold that the trial court=s ruling, whether it be considered an
exclusion of evidence or a refusal to consider the evidence presented,
constituted an abuse of discretion.  The
imposition of an available discovery sanction is generally left to the sound
discretion of the trial court.  TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding).  A trial court abuses its discretion if it
acts without reference to any guiding rules and principles or if it acts
arbitrarily or unreasonably.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
A trial court has no discretion in determining what the law is or in
applying the law to the facts.  Walker
v. Packer, 827 S.W.2d 833, 840 (Tex.
1992) (orig. proceeding).  Therefore, a
court abuses its discretion when it fails to correctly analyze or apply the
law.  In re E.I. DuPont de Nemours
& Co., 136 S.W.3d 218, 223 (Tex.
2004); Walker,
827 S.W.2d at 840.  

To the extent that the trial court=s ruling constituted an exclusion of
evidence, it was comparable to a death penalty or dismissal because it
destroyed Rossler=s
opportunity for a decision on the merits of the bill of review.  See Best Indus. Unif. Supply Co. v. Gulf
Coast Alloy Welding, Inc., 41 S.W.3d 145, 147-48 (Tex. App.CAmarillo 2000, pet. denied).  The court in Best accurately discussed
Tex. R. Civ. P. 193.6 sanctions
and the underlying policies and standards as set forth in several supreme court
cases.  Applying those policies and
standards, we hold that the trial court in this case abused its discretion
insofar as it excluded Rossler=s
evidence on the bill of review issues. 
The record shows that Rossler was not responsible for the offensive
conduct, that the punishment did not fit the crime, and that the sanction was
more severe than necessary to satisfy its legitimate purposes.  See id.; see also Hamill v. Level,
917 S.W.2d 15 (Tex.
1996); TransAmerican, 811 S.W.2d at 916-19.  








Moreover, evidence is not to be excluded under
Rule 193.6, if Athe
failure to timely make, amend, or supplement the discovery response will not
unfairly surprise or unfairly prejudice the other parties.@ 
Rule 193.6(a)(2).  As pointed out by
Rossler=s
attorney at the hearing, the petition for bill of review with the attached
affidavit and the answers to interrogatories put Hodges on notice of the legal
theories and the facts supporting Rossler=s
claims and defenses.  In an apparent
disregard of Rule 193.6(a)(2), the trial court refused to consider whether
Hodges was otherwise put on notice and whether Rossler=s
Rule 194 response unfairly surprised or prejudiced Hodges.  Consequently, the trial court acted without
reference to the guiding rules and principles to the extent it ruled that the
evidence be excluded.  

To the extent that the trial court permitted the
evidence to be introduced but refused to consider it, the trial court
erred.  The record shows that the trial
court explicitly refused to consider evidence that was introduced by Rossler,
was relevant to the issues in this case, and was probative under the guidelines
set forth for bills of review in King Ranch and Section 161.211.  The trial court improperly limited its
consideration of the evidence and, consequently, abused its discretion by
failing to correctly analyze and apply the law related to bills of review.  We sustain Rossler=s
first issue.  

In his second issue, Rossler addresses the merits
of his bill of review.  With respect to
the relinquishment issue, Rossler relies upon Queen v. Goeddertz, 48
S.W.3d 928 (Tex. App.CBeaumont
2001, no pet.), and Vela v. Marywood, 17 S.W.3d 750 (Tex. App.CAustin 2000), pet. denied, 53
S.W.3d 684 (Tex.
2001).  Rossler asks this court to
consider the issue and the evidence presented to the trial court, reverse the
trial court=s
judgment, and render a judgment ordering the reinstatement of his parental
rights.  We are not authorized to grant
such relief under the circumstances of this case; there are issues of fact and
determinations of credibility that must be decided by the trial court.  Therefore, we overrule Rossler=s second issue.  

The judgment of the trial court is reversed, and
the cause is remanded for further proceedings. 

 

 

AUSTIN McCLOUD

SENIOR JUSTICE

November 2, 2006

Panel
consists of:  McCall, J., and

Strange, J., and McCloud, S.J.[2]











[1]Rossler was married to G.N.H.=s mother when he executed the affidavit of
relinquishment and when the trial court entered the termination order.  Rossler and the child=s mother have since divorced.  Her name is now Ashley Nicole Hodges.





[2]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.