NO. 07-08-0518-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 19, 2009
_____

RICKY D. STARKS, APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 091655-00-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____MEMORANDUM OPINION

Appellant, Ricky D. Starks, appeals the dismissal of his suit against the Texas Department of Criminal Justice (TDCJ). We reverse and remand to the trial court for further proceedings.

Background

Starks filed suit on November 20, 2003, alleging a tort claim against TDCJ under the Texas Tort Claims Act. Starks alleged that, on February 21, 2003, he sprained his wrist,

bruised an elbow, and fractured his fingers after slipping and falling while showering in a stall known by TDCJ's employees to be hazardous. On December 9, 2003, the trial court dismissed Starks's lawsuit for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. Starks appealed the dismissal. On September 24, 2004, this Court issued an opinion reversing the trial court's dismissal order and remanding the matter to the trial court for further proceedings.

On February 22, 2005, Starks filed a motion for discovery requesting production of records of any reports of repairs needed for the shower area from November 2002 to November 2004, the placement of non-slip surfaces during that same time period, and for the names of certain correctional employees. On April 7, 2005, Starks filed a notice to defendant of past due response to his discovery request. On June 13, 2005, Starks filed a notice to the court of his request for disclosure from TDCJ. On July 27, 2005, Starks filed a motion for an order to compel discovery from TDCJ as well as a motion for sanctions against TDCJ for its abuse of discovery. On October 9, 2005, and January 9, 2006, Starks contacted the district clerk's office requesting information as to the status of the case. Each time, the clerk informed Starks that the case was pending.

On June 7, 2007, Starks contacted the district clerk's office requesting verification of the pending motions before the court. On July 19, 2007, Starks filed a show cause request and, further, requested a show cause hearing. On July 27, 2007, the record shows that TDCJ filed a response to the show cause request contending that, because of a failure to follow internal policy, Starks's motions for discovery, disclosure, and sanctions in 2005 were all received by the Texas Attorney General's Office but were filed without the attorney

assigned to the case being informed of Starks's discovery request. On August 9, 2007, the trial court denied Starks's request for sanctions. On September 4, 2007, Starks filed a supplemental motion for sanctions that the trial court denied on October 30, 2007. On June 23, 2008, TDCJ filed a motion to dismiss Starks's cause of action which the trial court granted on October 1, 2008. Starks filed a request for findings of fact and conclusions of law on October 16 and his notice of appeal on December 22, 2008.

On appeal, Starks contends that the trial court erred in (1) failing to order sanctions against TDCJ for failure to comply with the discovery rules and (2) dismissing his cause of action upon the ground that he could not prove his claim. We reverse the trial court's order of dismissal and remand to the trial court for further proceedings.

Discovery Sanctions

Starks contends that the trial court erred in denying his request for sanctions against TDCJ for abuse of the discovery process. Starks contends that TDCJ did not answer its discovery for more than a year after receiving the requests and that TDCJ's response is inadequate. Starks further alleges that, because TDCJ did not timely respond to his discovery requests, documents pertinent to his claim have been lost or destroyed. TDCJ filed a response detailing its failure to respond to the discovery due to the attorney assigned the case not being aware of the outstanding discovery requests. Additionally, TDCJ contends that it has responded to Starks's requests and that it has provided the requested documents.

3

The imposition of sanctions is left to the discretion of the trial court. See Bodnow Corp. v. City of Hondo, 721 S.W.2d 839, 840 (Tex. 1986); Best Industrial Uniform Supply Co. v. Gulf Coast Alloy Welding, Inc., 41 S.W.3d 145, 147 (Tex.App.–Amarillo 2000, pet. denied). The legitimate purposes of discovery sanctions are threefold: 1) to secure compliance with discovery rules; 2) to deter other litigants from similar misconduct; and 3) to punish violators. Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex. 1992). Sanctions should be no more severe than required to satisfy legitimate purposes. See Spohn Hosp. v. Mayer, 104 S.W.3d 878, 882 (Tex. 2003). An appellate court will set aside the decision of the trial court regarding sanctions only on a showing of a clear abuse of discretion. See Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990).

In this case, TDCJ admitted to its failure to respond promptly to Starks's discovery requests and provided the trial court an explanation for the late response. TDCJ contends that it has fulfilled Starks's request for discovery. Although Starks contends that the delay in responding to his request has resulted in the loss of evidence and that TDCJ has not fully responded to his request, the record contains no information to support his position nor to refute TDCJ's explanation for the delay. Further, the record contains no evidence of malicious intent or other misconduct that requires deterrence by the imposition of sanctions. Therefore, we conclude that Starks has not demonstrated that the trial court abused its discretion in denying Starks's request for sanctions. We overrule Starks's first issue.

<u>Chapter 14 dismissal of case as frivolous</u>

TDCJ filed a motion with the trial court requesting that Starks's case be dismissed because his claim was frivolous in that his claim had no arguable basis in law or fact and that Starks could not prove facts in support of his claim. On this request, the trial court issued a dismissal order.

Under Chapter 14 of the Texas Civil Practice and Remedies Code, a court may dismiss a claim if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2009).[1] In determining whether a claim is frivolous or malicious, the court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; and (3) it is clear that the party cannot prove facts in support of the claim. <u>Id</u>. at § 14.003(b). If a claim arises from a premises defect, the governmental unit owes the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises. § 101.002. A licensor's duty to a licensee is to not injure the licensee by willful, wanton, or gross negligence. <u>Wal-Mart Stores, Inc. v. Miller</u>, 102 S.W.3d 706, 709 (Tex. 2003). Under the licensee standard, a plaintiff must prove that the governmental unit had actual knowledge of a condition that created an unreasonable risk of harm and also that the licensee did not have actual knowledge of that same condition. <u>Tex. Dep't of Transp. v. York</u>, 284 S.W.3d 844, 847 (Tex. 2009).

In its motion for dismissal, TDCJ contends that a painted shower floor is not

---

[1]Further reference to the Texas Civil Practice and Remedies Code will be by reference to "§ ___."

unreasonably dangerous. Further, TDCJ states that a painted shower floor could only become a dangerous condition when water hits it and makes it slippery. But, TDCJ contends that it would have to have knowledge that the painted floor was slippery on February 21, 2003, and that Starks did not know that the floor was slippery. TDCJ contends that it did not know of the shower's condition on that day and that, at best, TDCJ's knowledge was contemporaneous with Starks's knowledge because he turned on the water.

TDCJ is correct that Starks must show actual knowledge. An unreasonably dangerous condition for which a premises owner may be liable is the condition at the time and place injury occurs, not some antecedent situation that produced the condition. Brookshire Grocery Co. v. Taylor, 222 S.W.3d 406, 407 (Tex. 2006). Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident, as opposed to constructive knowledge which can be established by facts or inferences that a dangerous condition could develop over time. See City of Corsicana v. Stewart, 249 S.W.3d 412, 414-15 (Tex. 2008). However, circumstantial evidence can establish actual knowledge when it directly or by reasonable inference supports that conclusion. See id. at 415.

The record in this case does not include the discovery requested by Starks such as whether there had been any repairs requested in the year prior to his accident or whether other inmates had reported accidents. Further, the record also does not contain any evidence as to whether the shower area had recently been used by other inmates and was wet prior to Starks's use or whether the stall area was dry prior to Starks entering it.

6

Without reviewing the merits of Starks's claim, we recognize that notwithstanding a showing of actual knowledge, a painted area that may become slippery when wet and that is used for an activity where water is an integral component can be the basis for a fact finder to conclude that the painted area itself is a dangerous condition. See Brookshire, 222 S.W.3d at 408 (comparing that case with Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 295-97 (Tex. 1983)). We conclude that Starks has raised a fact question regarding TDCJ's knowledge of the dangerous condition. See Stewart, 249 S.W.3d at 416. As such, we conclude that the trial court erred in dismissing Starks's claim as frivolous.

## Conclusion

For the foregoing reasons, we reverse the trial court's dismissal order and remand this case to the trial court for further proceedings.


Mackey K. Hancock
Justice