# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00043-CV

**William D. Paschal and Paul N. Paschal, Appellants**

**v.**

**Garrick Engle, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TOM GREEN COUNTY
### NO. 15C012-L2, HONORABLE PENNY ANNE ROBERTS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

William D. Paschal and Paul N. Paschal (collectively, the Paschals) appeal the trial court's order granting Garrick Engle's no-evidence motion for summary judgment and ordering that the Paschals take nothing in their negligence suit against Engle. In two issues, the Paschals assert that the trial court should have granted their motion for leave to supplement their discovery responses and should have considered the affidavit of an untimely designated expert witness. We will affirm.

## BACKGROUND

On January 15, 2015, the Paschals filed a negligence suit against Engle arising out of damage to their building, roof, and piano, caused by Engle's alleged failure to repair a shared common wall between buildings owned by the two parties that had been damaged by rainstorms. On March 23, 2015, the trial court signed a docket control order that set the Paschals' deadline to

designate their experts as June 18, 2015. The court also ordered the parties to complete all discovery by September 17, 2015. On March 27, 2015, Engle served the Paschals with Rule 194.2 requests for disclosure, asking them, in part, to identify their testifying expert witnesses. *See* Tex. R. Civ. P. 194.2. On July 29, 2015, the Paschals responded by identifying two fact witnesses, Randy Crooks and Bruce Johnson, and stating that "[n]o experts have been retained at this time." The Paschals' response was served after the deadline for responding to the request for disclosures and over a month after the deadline for designating experts set by the docket control order.

After the discovery period had concluded, Engle filed a no-evidence motion for summary judgment pointing out that the Paschals had failed to designate an expert witness to testify regarding the necessity and reasonableness of the repair costs they sought as damages. Engle argued that this lack of expert testimony on damages warranted summary judgment in his favor. The Paschals filed a motion for leave to supplement their disclosures to designate their previously identified fact witnesses as expert witnesses. Engle opposed the motion on the ground that the Paschals failed to establish good cause and lack of unfair surprise or prejudice. *See* Tex. R. Civ. P. 193.6(b). The Paschals also filed a response to Engle's motion for summary judgment attaching their late-filed response and the affidavit of Randy Crooks, in which he averred that $121,586.40 was the reasonable cost to repair the Paschals' building. Engle then filed a motion to strike Crooks's affidavit on the grounds that (1) the Paschals failed to timely designate Crooks as an expert and therefore his affidavit should be excluded pursuant to Rule 193.6(a), (2) the affidavit was conclusory, was not based on personal knowledge, and lacked a factual basis, and (3) the affidavit contained inadmissible hearsay.

2

Following a hearing, the trial court denied the Paschals' motion for leave to supplement their disclosures, struck Crooks's affidavit, and granted the no-evidence motion for summary judgment. This appeal followed.

**STANDARD OF REVIEW**

We review a trial court's ruling excluding an expert witness who has not been timely designated for an abuse of discretion. *See Fort Brown Villas III Condo Ass'n v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009) (per curiam). The general test for abuse of discretion is whether the trial court acted without regard to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). This occurs when either (1) the trial court fails to analyze or apply the law correctly, or (2) with regard to factual issues or matters committed to its discretion, the trial court could reasonably have reached only one decision and failed to do so. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court does not abuse its discretion when it bases its decision on conflicting evidence, as long as some evidence in the record supports the trial court's decision. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009).

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a no-evidence motion for summary judgment the movant must assert that, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *see Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). To defeat a Rule 166a(i) summary-judgment motion, the nonmovant must produce summary-judgment evidence raising a genuine issue of material fact as to each of the elements

3

of its cause of action. Tex. R. Civ. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A genuine issue of material fact exists if the nonmovant produces more than a scintilla of evidence establishing the existence of the challenged element. *Id*.

## DISCUSSION

On appeal, the Paschals argue that the trial court (1) abused its discretion in denying their motion for leave to supplement their disclosures and (2) erred in granting Engle's no-evidence motion for summary judgment. Although framed as two issues, resolution of the appeal turns on whether the trial court abused its discretion in denying the Paschals' motion for leave to supplement their disclosures and, as a consequence, striking the Crooks affidavit attached to the Paschals' response to Engle's no-evidence motion for summary judgment.

In the absence of the Crooks affidavit there was no expert testimony on the reasonableness or necessity of the repair costs sought by the Paschals, an element of their negligence claim. A party, like the Paschals, seeking to recover damages measured by the cost of repair must present competent evidence to justify a finding that the repairs are necessary and that the cost of repairs is reasonable and fair. *See Wortham Bros., Inc. v. Haffner*, 347 S.W.3d 356, 360 (Tex. App.—Eastland 2011, no pet.). The necessity and reasonableness of repair costs are issues that require specialized or technical knowledge falling within the exclusive domain of an expert. *See FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 90-91 (Tex. 2004); *Legacy Motors, LLC v. Bonham*, No. 02-07-00065-CV, 2007 WL 2693863, at *4 (Tex. App.—Fort Worth Sept. 13, 2007, no pet.) (mem. op.); *see also Executive Taxi/Golden Cab v. Abdelillah*, No. 05-03-01451-CV, 2004 WL 1663980, at *1 (Tex. App.—Dallas July 19, 2004, pet. denied) (mem. op.) (stating that

4

estimate without testimony of person making estimate or other expert testimony is no evidence of necessity of repair or reasonableness of costs of repair). The parties do not dispute that the Paschals were required to adduce expert witness testimony to prove the amount of the reasonable and necessary cost to repair damage to their buildings and piano caused by Engle's alleged negligence. Additionally, there is no dispute that the Paschals failed to timely designate an expert witness who could provide competent evidence raising a fact issue on the damages element of their negligence claim.

The trial court signed a docket control order, which stated that the Paschals' deadline to designate their experts was June 18, 2015, and that failure to comply with the order would be governed by Rule 193.6. Rule 193.6 of the Texas Rules of Civil Procedure states that "[a] party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness . . . unless the court finds that: (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties." Tex. R. Civ. P. 193.6(a). The party seeking leave to introduce the evidence from an untimely identified witness bears the burden of establishing, with support from the record, good cause or lack of unfair surprise or prejudice to the other party. *Id.* R. 193.6(b).

The Paschals have failed to meet their burden of establishing good cause or lack of unfair surprise.[1] The suit was filed January 15, 2015. The Paschals attempted to designate their two expert witnesses on October 13, 2015, approximately ten months after the case was filed, four months after the docket control order's June 18 deadline for designating experts, five months after the response to Engle's requests for disclosure was due, and 34 days before trial. We hold that the trial court did not abuse its discretion in concluding that the Paschals did not establish good cause for failing to timely designate an expert witness to support their cause of action. *See Fort Brown Villas III Condos Ass'n*, 285 S.W.3d at 882 (trial court did not abuse its discretion in failing to find good cause and striking untimely designated expert witness affidavit when plaintiff did not designate its expert until three days before end of discovery and more than five months after expert designation deadline)*; Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 271 (Tex. App.—Austin 2002, pet. denied) (trial court did not abuse its discretion in failing to find good cause for failure to designate expert witness when more than one year had lapsed since suit was filed).

Next, we consider whether the Paschals established lack of unfair surprise or prejudice resulting from the late designation. The Paschals contend that Engle was not unfairly surprised or prejudiced because they had designated Crooks as a fact witness in their July 29

---

[1] The Paschals argue that their designation of Crooks as a fact witness, rather than as an expert witness, was an "oversight and mistake." The Paschals cite case law for the proposition that it is an abuse of discretion for a court to foreclose a plaintiff's only witness at trial as a sanction for failure to timely identify the witness. *See Best Indus. Unif. Supply Co. v. Gulf Coast Ally Welding, Inc.*, 41 S.W.3d 145, 148 (Tex. App.—Amarillo 2000, pet. denied). The holding in *Gulf Coast Ally Welding*, however, is not persuasive because that case involved the trial court's denial of the plaintiff's attempt to substitute a different fact witness for a timely identified fact witness. *Id*. In this case the Paschals untimely identified Crooks as a fact witness, and this identification did not put Engle on notice that Crooks would testify as an expert.

6

response to the requests for disclosure, and Engle "knew the identity and purposes of these witnesses." The July 29 disclosure of Crooks as a fact witness states:

> Randy Crook with Rafter Construction of San Angelo, 325 651 8000 will testify to his estimate for repairs of $121,586.40 for the building at 512 S. Chadbourne St, San Angelo, Texas.

This disclosure in no way indicates that Crooks would testify, as an expert or otherwise, as to whether the referenced repairs were reasonable or necessary to repair damage caused by Engle's alleged negligence. Thus, this designation did not serve to put Engle on notice that the Paschals intended to elicit such testimony from Crooks.

The Texas Supreme Court has recently reiterated that proof of "reasonable and necessary" repair damages requires evidence of "more than simply 'the nature of the injuries, the character of and need for the services rendered, and the amounts charged therefore'"—"[i]nstead, some other 'evidence showing that the charges are reasonable' is required." *See McGinty v. Hennen*, 372 S.W.3d 625, 627 (Tex. 2012) (per curiam) (quoting *Dallas Ry. & Terminal Co. v. Gossett*, 294 S.W.2d 377, 383 (Tex. 1956)). The Crooks designation informed Engle only that Crooks had provided an estimate for work on the Paschals' building. It did not state that Crooks had any opinions on either the need for the repairs or the reasonableness of the cost estimate. Thus, contrary to the Paschals' assertion, Engle was not aware of Crooks's "purpose" as an expert witness at trial. The record does not reflect whether Engle had deposed Crooks before filing the no-evidence motion for summary judgment. It is apparent, however, that the Paschals' disclosure of Crooks as a fact witness did not put Engle on notice that he should seek to discover Crooks's opinion, as an expert,

7

on the reasonableness or necessity of the repairs for which he provided a cost estimate until after the close of the discovery period. Identifying an expert witness after the discovery period closes constitutes unfair surprise, and not knowing or having tested the substance of an expert witness's opinion before trial prejudices a defendant. While a trial court has the discretion to permit a continuance to allow for additional discovery, it is not obligated to do so. *See* Tex. R. Civ. P. 193.6(c). Accordingly, we cannot conclude that the trial court abused its discretion by failing to grant the Paschals leave to supplement discovery to designate Crooks as an expert after the close of discovery and 34 days before trial.

Because we have concluded that the trial court did not abuse its discretion in denying the Paschals' motion to supplement their expert witness designation, the trial court also did not err by granting Engle's motion to strike Crooks's affidavit. Having struck the Crooks affidavit, the trial court was required to grant Engle's no-evidence motion for summary judgment because there was no evidence raising a fact issue regarding the reasonableness or necessity of the cost to repair the building, an element of the Paschals' negligence claim. *See* Tex. R. Civ. P. 166a(i).

## CONCLUSION

We overrule the Paschals' two appellate issues and affirm the trial court's order granting Engle's no-evidence motion for summary judgment.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   August 23, 2016