The STATE of Texas, Appellant,

v.

TARGET CORPORATION, Appellee.

No. 10–04–00326–CV.

Court of Appeals of Texas,
Waco.

May 10, 2006.

Rehearing Overruled June 6, 2006.

Susan Desmerais Bonnen, Office of the Atty. Gen. Transportation Division, Austin, for appellant.

H. Dixon Montague and Charles B. McFarland, Vinson & Elkins LLP, Houston, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

In its appeal of an adverse judgment in a condemnation case, the State asserts that the trial court erred in excluding the State's expert testimony on Target's damages and the total compensation owed to Target. We agree and will reverse the trial court's judgment and remand the case for a new trial.

The State condemned 0.184 of an acre (8,013 sq. ft.) of a 9.0232 acre tract owned by Target in the city of College Station. The tract is improved with a Target retail store. The acquisition was a fifteen-foot wide strip of land being used by Target for landscaping and parking. The acquisition's purpose was to widen Highway 6, which the strip fronted. Special commissioners awarded Target compensation of $156,812 for the taking, and Target objected. A jury awarded Target $564,290.

The primary dispute at trial was Target's damages for loss of parking. Target's appraisal expert testimony included as much as $472,457 in damages for the loss of 35 parking spaces. The State's appraisal expert determined that Target's loss-of-parking damages were only $72,000 for 24 spaces, but the jury did not hear the State's expert on those damages or on the amount of total compensation owed to Target. On the Friday before the Monday, June 7, 2004 trial, Target filed a motion to exclude the testimony of Steven Lovett, the State's appraiser, and Jack Holford, the State's land planning consultant. After the jury had been impaneled and the parties had made opening statements, a hearing was held on Target's motion. The next day, the trial court granted Target's motion and then later clarified its ruling to prohibit Lovett from testifying about remainder damages (including loss of parking) and total compensation.

◼ Target's motion complained that the State's supplementation of discovery responses—done 31 days before trial—was untimely. This supplementation included the identity of consulting experts or persons with whom the State's testifying experts consulted and the persons with knowledge of relevant facts on whom its testifying experts relied.[1] Although Target did not complain that the experts themselves had not been timely identified or that their reports had not been timely produced, it complained that the State untimely produced Lovett's one page of calculations that supported his opinion that the utilization level of the remote parking spaces lost by Target was 20% and thus

---

1. Most of these persons had previously been identified in earlier discovery responses. Specifically, Target complained of the following persons as to Lovett: Bill Carson, B.J. Cornelius, and Clint Connell. Carson and Cornelius are land planners whom Lovett spoke with and relied on (along with Holford) in determining that the lost parking spaces that were more than 300 feet from the store's main entrance should be discounted. Lovett also relied on Connell, a real estate consultant for Wal–Mart, for this determination and for Lovett's determination of Target's peak volume periods and his 80% discount factor for the remote parking spaces. We agree with the State that these three were not "consulting experts" for whom the State owed con-

sulting expert discovery to Target; they were not "consulted, retained, or specially employed by a party." See TEX.R. CIV. P. 192.7(d). Instead, they were at most persons having knowledge of relevant facts, and the State additionally identified them as such, as did Target with the persons whom its appraisal expert contacted. If these three persons had in fact been true consulting experts, our analysis below on whether Target was unfairly surprised or prejudiced might be different.

As to both Lovett and Holford, Target principally complained of the State's identification of several City Development Services staff members whom Lovett and Holford had spoken with: Jane Kee, Jennifer Reeves, Natalie Ruiz, and Edwin Hardin.

should be discounted by 80%.[2] This analysis, including the 20% utilization factor, was in Lovett's timely produced expert report and was examined by Target in Lovett's first deposition on April 28, 2004. Lovett's working file had been provided to Target's counsel a few days before his deposition, but during Lovett's deposition, he realized that the calculations page was missing.[3] On May 7, the State produced this page, and the State tendered Lovett for a second deposition (on May 28) in which Target was able to question him about the page.

The trial court ruled that Lovett and Holford would not be allowed to testify about opinions that were based on information provided by persons who had not been timely identified: Lovett could not testify to the importance of parking within a 300–foot radius of a business's front door or that Target's parking situation was adequate; and Holford could not testify about his conversations with the City Development Services staff about his site plan, that his plan would be approved if submitted, or about safety issues affecting Target's parking lot. Lastly, the trial court ruled that Lovett could not testify about his 20% utilization factor, which prevented the State from offering Lovett's opinion testimony on remainder damages and total compensation.

Target's appraisal expert testified at trial that Target was entitled to total compensation of $704,458, including as much as $472,457 in damages for loss of parking. The State estimates that the jury awarded Target as much as $383,081 in loss of parking damages as a part of the total compensation award of $564,290.

The State made an offer of proof that Lovett would have testified that the property suffered remainder damages of $72,000 and that the total compensation amount was $253,209 and that Holford would have testified that the City's Development Services staff had indicated that his plans would be accepted if submitted by Target and that he was of the opinion that Target's parking lot was not unsafe after the State's acquisition.

In its first issue, the State asserts that the trial court abused its discretion in excluding Lovett's and Holford's expert testimony for three reasons: (1) the State's supplementation was timely; (2) the State established good cause if its supplementation was untimely; and (3) Target was not unfairly surprised or prejudiced if the State's supplementation was untimely.

■ The standard of review of a trial court's ruling to admit or exclude evidence based on the discovery rules is abuse of discretion. *See F & H Investments Inc. v. State,* 55 S.W.3d 663, 668–72 (Tex.App.-Waco 2001, no pet.); *Best Indus. Uniform Supply Co. v. Gulf Coast Alloy Welding, Inc.,* 41 S.W.3d 145, 147–48 (Tex.App.-Amarillo 2000, pet. denied). The test for abuse of discretion is whether, under the circumstances of the particular case, the trial court's action was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985).

---

2. Lovett calculated remainder damages by determining the net operating income per parking space and by multiplying that number by the 20% utilization factor and then by the number of lost spaces to arrive at a total lost net operating income figure. He then capitalized the lost net operating income to determine a total loss in value attributable to lost parking.

3. Our review of the parties' dispute over why this page was not produced (in Lovett's working file) before his first deposition leads us to conclude that the failure was an accident or mistake.

■ We will assume without deciding that the State's supplementation—done 31 days before trial—of the additional persons that Lovett and Holford had spoken with and of Lovett's one page of calculations supporting his 20% utilization factor was untimely. *See* Tex.R. Civ. P. 193.5(b); *cf. Snider v. Stanley*, 44 S.W.3d 713, 715–16 (Tex.App.-Beaumont 2001, pet. denied) (trial court did not abuse its discretion in excluding expert whom party identified 31 days before trial after waiting to supplement for over a year). *But see Elhamad v. Quality Oil Trucking Serv., Inc.*, 2003 WL 22211543, at *6–7 (Tex.App.Fort Worth Sept.25, 2003, no pet.) (mem.op.) (distinguishing complete failure to identify expert from inadequacy in expert disclosure).

■ The discovery rule requiring disclosure of experts before trial is intended to provide adequate information about the experts' opinions to allow the opposing party the necessary information to prepare to cross-examine the experts and to rebut the testimony with their own experts. *Taylor Foundry Co. v. Wichita Falls Grain Co.*, 51 S.W.3d 766, 773 (Tex.App. Fort Worth 2001, no pet.). Rule 193.6 governs untimely discovery supplementation:

(a) *Exclusion of Evidence and Exceptions.* A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

(2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

(b) *Burden of Establishing Exception.* The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record.

Tex.R. Civ. P. 193.6(a), (b). This rule provides a less burdensome alternative to the draconian sanction of automatic exclusion under former Rule 215(5), which required a showing of good cause.[4] *Elliott v. Elliott*, 21 S.W.3d 913, 921 n. 7 (Tex.App.-Fort Worth 2000, pet. denied).

We conclude that the trial court abused its discretion in excluding the State's expert testimony because the record establishes that Target would not have been unfairly surprised or prejudiced by the State's supplementation. *See, e.g., Best*, 41 S.W.3d at 148–49; *Elliott*, 21 S.W.3d at 921; *Rutledge v. Staner*, 9 S.W.3d 469, 472

---

4. The rule further provides:

(c) *Continuance.* Even if the party seeking to introduce the evidence or call the witness fails to carry the burden under paragraph (b), the court may grant a continuance or temporarily postpone the trial to allow a response to be made, amended, or supplemented, and to allow opposing parties to conduct discovery regarding any new information presented by that response.

Tex.R. Civ. P. 193.6(c). The State moved for a continuance several times during trial, but each time the trial court denied the motion. While the State does not complain of these rulings in this appeal, we note that the obvious purpose of Rule 193.6(c) is to alleviate the harshness of the exclusion of evidence by vesting the trial court with discretion to grant a continuance in situations where a party such as Target files a motion to exclude an opponent's critical evidence on the eve of trial.

(Tex.App.-Tyler 2000, pet. denied). Regarding the May 7 production of Lovett's one-page calculation of his 20% utilization factor, we note first that his timely expert report discussed this factor and that when Target deposed Lovett on April 28, he explained how he determined the factor. Next, after the page was produced, Target again questioned Lovett on it in his second deposition on May 28. The trial court, which was made aware of this history, should have found that Target would not have been unfairly surprised or prejudiced by Lovett's trial testimony on the 20% utilization factor, remainder damages, and the total compensation amount. *See, e.g., Parker Plaza West, Ltd. v. Boniuk Invs., Ltd.,* 153 S.W.3d 729, 733–34 (Tex.App.-Dallas 2005, no pet.); *Pilgrim's Pride Corp. v. Smoak,* 134 S.W.3d 880, 902–03 (Tex.App.-Texarkana 2004, pet. denied); *Norfolk So. Ry. v. Bailey,* 92 S.W.3d 577, 581 (Tex.App.-Austin 2002, no pet.).

Regarding the belated supplementation of the additional persons (Carson, Cornelius, and Connell) that Lovett had spoken with, Target was able to explore those conversations in Lovett's two depositions. As for the City's Development Services staff (Kee, Reeves, Ruiz, and Hardin) whom Lovett and Holford had spoken with, Holford's timely land planning report disclosed discussions with the staff and specifically identified Reeves, and Target itself had identified Kee as a person with knowledge of relevant facts. Holford was deposed 32 days before trial, and Target was able to explore his discussions with city staff. Target also had the opportunity to explore Lovett's conversations with city staff in his two depositions. The trial court should have found that Target would not have been unfairly surprised or prejudiced by Lovett's and Holford's trial testimony on their opinions that were based in part on these persons.

■ The trial court's erroneous exclusion of evidence requires reversal if the error was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. Tex.R.App. P. 44.1(a)(1); *McCraw v. Maris,* 828 S.W.2d 756, 757 (Tex.1992). In closing argument, Target argued that the State had failed to provide evidence on remainder damages and on the total amount of compensation due, that the jury should award the amount testified to by Target's expert, that Holford had no support for his opinion that his land plan complied with city ordinances, and that Holford and the State did not care whether Target's driveways were safe.

■ The jury awarded Target $564,290 in total compensation, which was $311,081 more than the State's expert's opinion on total compensation of $253,209, which was erroneously excluded from evidence. We conclude that the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment.[5] *See Crane v. Texas Dep't*

---

5. Target argues that, irrespective of the Rule 193.6 analysis, any error by the trial court was harmless because the trial court should have granted Target's motion to exclude Lovett's testimony on the 20% utilization factor on the ground that it was unreliable under a *Daubert/Robinson* analysis. We review a trial court's ruling on the admissibility of expert testimony for abuse of discretion. *Exxon Pipeline Co. v. Zwahr,* 88 S.W.3d 623, 629 (Tex.2002).

Target argued in the trial court that Lovett's methodology behind his 20% utilization factor was flawed because in calculating the loss in net operating income per lost parking space, he did not consider the income attributable to those spaces during peak volume periods, but instead considered the average income per space over the course of a year. Lovett testified that he properly used the average income per space because net operating income was based on rental income that did not vary

*Transp.*, 880 S.W.2d 55, 59 (Tex.App.-Tyler 1994, writ denied). We sustain the State's first issue.[6]

We reverse the trial court's judgment and remand the cause to the trial court for a new trial.

Chief Justice GRAY concurs only in the judgment but not in the opinion of the Court.

during the year. He said that he had used this methodology before and had observed other appraisers use it. The State also offered evidence that Target's own appraisal expert had utilized the same methodology in other appraisals. The trial court did not abuse its discretion in denying Target's motion to exclude Lovett's testimony as unreliable.

6. Because we have sustained the State's first issue, we need not address its second issue, which complains that the trial court abused its discretion because its rulings were tantamount to a death-penalty sanction. We do

note, however, that authority supports the State's position that a due process analysis under *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991), is appropriate when application of the discovery rules results in merits-preclusive or death-penalty sanctions. *See, e.g., Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex.2005); *Best*, 41 S.W.3d at 147–49; *Vaughn v. Ford Motor Co.*, 91 S.W.3d 387, 391–92 (Tex.App.-Eastland 2002, pet. denied); *Crane v. Texas Dep't Transp.*, 880 S.W.2d 55, 59 (Tex.App.-Tyler 1994, writ denied). We also need not address the State's third issue.