COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

                                        NO.  2-08-394-CV

 

IN
RE KINGS RIDGE HOMEOWNERS                                           RELATOR

ASSOCIATION, INC.

 

                                              ------------

                                    ORIGINAL
PROCEEDING

                                              ------------

                                             OPINION

                                              ------------

Relator Kings Ridge Homeowners Association, Inc.
(AHOA@)
petitions this Court for a writ of mandamus complaining that Respondent, the
trial judge of the 362nd District Court, Denton County, abused his discretion
by improperly striking HOA=s sole
expert witness.  HOA seeks an order
directing the trial judge to vacate that order. 
We conditionally grant HOA=s petition
for writ of mandamus.

Prosper files suit








Plaintiff Prosper Land Company, Ltd. (AProsper@) is the
developer of Kings Ridge subdivision in Plano, Denton County.  Prosper filed the underlying suit in January
2004 against developers and building contractors of an adjacent uphill
development known as Kings Gate, along with Kings Gate lot owners Luis and
Teresita Mignucci, Steven M. and Jill Ann Free, Harry Crosby, and Herbert D.
Locke (ADefendants@).[1]  The lot owners live on elevated lots on the
western boundary of Kings Gate, which abuts the eastern boundary of Kings
Ridge.  Prosper alleged that
improvements, including retaining walls, built by Defendants on their elevated
property in Kings Gate, caused water drainage resulting in damage to the
downhill Kings Ridge subdivision. 
Prosper alleged breach of a Drainage and Surface Flow Agreement entered
into between prior owners of Kings Gate and Kings Ridge, violations of the
Texas Water Code, negligence, negligence per se, nuisance, breach of contract,
and trespass.

HOA owns a sixty-two-foot maintenance easement
across the rear of the eastern lots in Kings Ridge abutting the Kings Gate subdivision.  HOA is responsible for maintaining the
landscaping, irrigation system, and millsap walls within that area of land
directly below Kings Gate.  HOA asserts,
and Defendants do not dispute, that Prosper currently takes responsibility for
and covers the cost of maintenance of the easement but that, when the last of
the lots in Kings Ridge subdivision is sold, responsibility for landscape,
irrigation, and wall maintenance will ultimately become that of HOA and the
Kings Ridge homeowners.








During discovery, Prosper=s
corporate representative, David Whitsett, disclosed in his deposition that
Prosper brought some of its claims on behalf of HOA, that HOA had orally
assigned its claims for damages to Prosper in 2001, and that HOA and Prosper
later entered into a written agreement documenting the assignment, signed in
2005.  Prosper produced a copy of the
agreement to Defendants in November 2005. 
By the written agreement, HOA assigned Aany and
all subsequent money due or owing to [HOA] and all claims, demands and causes
of action of whatsoever kind which [HOA] may have or may have come to have
against any person or party . . . @ and
retained a fifty percent interest in the net recovery after attorney=s fees.

HOA is Brought in by Defendants

On April 8, 2005, the trial court signed an
agreed Level 3 scheduling order addressing various pretrial deadlines.  Trial was initially set for January 16, 2006;
for reasons unexplained in the record, it was later reset for April 9,
2007.  Some two years after learning of
the assignment of claims by HOA to Prosper, and a week before the trial setting,
Defendants filed amended pleadings and a plea to the jurisdiction challenging
Prosper=s
standing to maintain its suit based on the purported assignment.  Defendants argued that the written assignment
was not executed until after Prosper had filed suit and after limitations had
run and was ineffective to transfer all or some of the claims.








Prosper responded with a plea in abatement,
contending that because Defendants were not parties to the assignment, they
lacked any justiciable interest to challenge its validity or effective
date.  On April 3, 2007, during the
hearing on Prosper=s plea in abatement, Prosper
suggested that the question raised regarding the effective date of the
assignment created a Adefect of parties@ because
one of the parties to the contract, HOA, was not before the court.  Defendants ultimately agreed to join
HOA.  The trial court then ruled that HOA
be included as a party.  Defendants
agreed to prepare the order and to have HOA served immediately.  The trial setting was cancelled by agreement.


On April 13, 2007,  Defendants filed their notice of joinder of
HOA as a party in which they stated, AAt a
pretrial hearing on April 3, 2007, the Court ordered [HOA] be joined as a party
to this suit to be given the opportunity to protect its interest, if any, in
the claims being asserted against Defendants in this suit.@  The prayer of the notice generally requested
that HOA be cited to appear as a party plaintiff and that it Afile
such pleading as is proper to express its position as to the claims being
asserted against Defendants in this suit, and for such other and further relief
as may be proper.@ 
HOA was served on May 15, 2007, and filed a general response to the
joinder on June 11, 2007, initially denying that it was a proper party because
it had assigned all of its claims to Prosper. 









Following joinder of HOA, Defendants began
serving HOA with discovery, including requests for disclosure on July 17, 2007,
and 107 requests for production on August 24, 2007; Defendants collectively
served more than 100 additional requests for production on HOA on December 27,
2007.  On February 11, 2008, Defendants
noticed and took the deposition of HOA=s
corporate representative on 118 numbered topics.

                                      HOA
Asserts Claims

                                   and
Designates an Expert

 

On January 24, 2008, HOA amended its pleadings to
assert affirmative claims for declaratory and injunctive relief against
Defendants.  On January 25, 2008, HOA
retained engineer Gary Pettit as a potential expert witness.  Pettit completed his expert report on April
25, 2008.  On May 30, 2008, HOA amended
its response to requests for disclosures, designating Pettit as its expert
witness on the issues of causation of the water damage and corrective measures
to avoid future injury, and produced Pettit=s report
to Defendants.

                             Defendants
Move to Dismiss HOA

                                  and
to Strike HOA=s Expert

 








On June 9, 2008, Defendants moved to strike HOA=s expert.  Defendants asserted that HOA was governed by
default Level 2 discovery deadlines under which HOA had not timely designated
its expert and, further, that the designation was a disguised backdoor attempt
by co-plaintiff Prosper to designate an expert for the first time, contrary to
the deadlines set by the agreed Level 3 scheduling order, which had expired.[2]  By letter of July 30, 2008, HOA tendered
Pettit for his deposition, suggesting several alternate dates.  Defendants did not respond.  On August 22, 2008, Defendants filed a plea
to the jurisdiction challenging HOA=s
standing, contending that HOA had effectively assigned all of its claims to
Prosper.  Defendants agreed to reset the
trial again, this time for October 20, 2008.

                               Trial
Court Strikes HOA=s Expert

 

The trial court held four days of hearings on
Defendants= motion to strike HOA=s expert
and their plea to the jurisdiction on August 28 and 29, and on September 18 and
29, 2008,[3]
after which the trial court denied Defendants= plea to
the jurisdiction and refused to dismiss HOA from the suit, but ruled that HOA
had no claims and struck Pettit, HOA=s sole
expert witness.  HOA thereupon filed this
petition for writ of mandamus.[4]








Mandamus Standard of
Review

Mandamus will issue to correct a discovery order
if the order constitutes a clear abuse of discretion and there is no adequate
remedy by appeal.  In re Colonial
Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A clear abuse of discretion warranting
correction by mandamus occurs when a court=s
decision is without basis or guiding principles of law.  See In re Seigel, 198 S.W.3d 21, 26 (Tex.
App.CEl Paso
2006, orig. proceeding).  With respect to
resolution of factual issues or matters committed to the trial court=s
discretion, the reviewing court may not substitute its judgment for that of the
trial court.  Walker, 827 S.W.2d
at 839B40. The
relator must therefore establish that the trial court could reasonably have
reached only one decision.  Id. at
840. 

Even if the reviewing court would have decided
the issue differently, it cannot disturb the trial court=s
decision unless it is shown to be arbitrary and unreasonable.  Id. 
With respect to a trial court=s
determination of the legal principles controlling its ruling, the standard is
much less deferential.  Id.  A trial court has no Adiscretion@ in
determining what the law is or applying the law to the facts.  Id. 
Thus, a clear failure by the trial court to analyze or apply the law
correctly will constitute an abuse of discretion, and may result in appellate
reversal by extraordinary writ. Id.








Contentions of the Parties

HOA contends that the trial court abused its
discretion if it struck HOA=s expert
designation as untimely under Level 2 of the discovery rules because the case
was governed by a Level 3 discovery plan that had expired before it was joined
in the suit so that no deadline was in place either for discovery or for
designation of its expert and no trial date had been reset at the time of its
expert designation.  HOA points out,
regarding the lack of any deadlines, that Defendants sent numerous discovery
requests after they joined HOA as a party. 
HOA argues that it had no advance notice or warning of any deadline
until its designation was struck and that the court gave no reason other than
the designation was Alate@ and not
Afair.@  HOA thus urges that the trial court abused
its discretion by striking the designation. 








Defendants contended in the trial court, as well
as in this court, that HOA defaulted to the Level 2 discovery period because
HOA never requested or obtained a Level 3 discovery plan agreed upon by the
parties or ordered by the trial court under the pretrial discovery rules.[5]  Therefore, according to Defendants, HOA was
governed by the nine-month discovery period under Level 2, which Defendants
contend ended on May 20, 2008.  Under
Defendant=s theory, HOA was required to
designate its expert by February 20, 2008, ninety days before the end of the
nine-month Level 2 discovery period, which it did not do.  Defendants further argue that HOA failed to
show good cause for the untimely designation or that the untimely designation
did not unfairly prejudice or surprise Defendants.  See Tex. R. Civ. P. 193.6(b).  Additionally or alternatively, Defendants
argue that HOA and Prosper are one and the same because HOA=s claims
were effectively assigned to Prosper, so HOA should be bound by Prosper=s expert
designation deadline, which expired in 2005.








HOA responds that there is no basis and no
authority for the contention that it was governed by Level 2 when the case as
to all other parties was governed by Level 3. 
HOA further argues that the trial court=s
continuance of the case for eighteen months and resetting of the trial date to
April 2007 vitiated the scheduling order and nullified all deadlines therein.[6]  HOA also contends that, because the discovery
deadlines expired prior to its being joined in the suit, good cause existed for
the trial court to modify the discovery control plan in this case.  A trial court Amay
modify a discovery control plan at any time and must do so when the interest of
justice requires.@ 
Tex. R. Civ. P. 190.5; Brown v. Brown, 145 S.W.3d 745, 750 (Tex.
App.CDallas
2004, pet. denied).

Finally, HOA contends that the trial court did
not strike its expert witness because it was untimely but, rather, because it
ruled that HOA had no claims.  That is,
HOA argues that, in the absence of any proper motion, the trial court
improperly interpreted the written assignment as effective to transfer all of
HOA=s claims
to Prosper, leaving HOA with no claims on which expert testimony would be
relevant. 

                                               Analysis

Over a year after agreeing to bring HOA into the
suit and after discovery by Defendants as described above, as well as after
filing numerous amended pleadings and other discovery, Defendants moved to
strike HOA=s expert as late and asserted
its plea to the jurisdiction, claiming that HOA had no standing to be a party
to the suit because of its assignment of claims to Prosper.








On August 28, 2008, the first day of the hearing
on Defendants= plea to the jurisdiction and
motion to strike HOA=s expert, the trial court denied
Defendants= plea to the jurisdiction,
stating,

Well, the thing is, is [sic] I may have been
wrong with my statement they=ve got a
dog in the hunt, but I=m going to be consistent.  So I may be consistently wrong.  And I=m going
to deny the motion for the plea to the jurisdiction.  I brought them in.  I=ll keep
them in.

Then the trial court asked: AWhy is
it that I should allow them to bring in a late designation of an expert?@  The trial court then heard argument on
whether HOA had timely designated its expert witness.  At the conclusion of argument that day, the
trial court announced: 

[Court]:  I=m going to grant the
defendants= motion to strike the
expert. 

 

. . . . 

 

[HOA counsel]:  Your Honor, may
I?  I need some time tomorrow, then, to
make a record.

 

[Court]:  Okay.

 

[HOA counsel]:  It=s a Level 3 scheduling
case.

 

[Court]: I=m sorry?

 

[HOA counsel]:  Level 2
deadlines do not apply.  The  Daniels case that she cited is a 2005 case.

 

[Court]:  Well - - 

 

[HOA counsel]:  It=s after these >99 amendments.








 

[Court]:  It seems to me you
should have C when you hired them and
did it, you should have done it then rather than wait, wait, wait, wait, wait
and do it.  

 

After further argument regarding the timeliness
of the designation, the trial court again stated it was going to grant
Defendants= motion to strike because it was
Atoo late
in the game.@[7]

On the second day of the hearings, after further
argument by all counsel, the trial court allowed counsel for HOA to partially
make his bill of exceptions.  Counsel
testified as to the time required to familiarize himself with the four-year-old
case and its voluminous files, his surprise and lack of advance warning that
Defendants claimed a Level 2 deadline applied to HOA=s expert
in a Level 3 case or that his designation was untimely, his inability to
meaningfully participate without the expert, and how expert testimony was
necessary to establish causation and to protect HOA=s
interest.  Before counsel had completed
making his bill, the trial court interrupted that he wanted to reset the
hearing for a full hearing as he had been rushed the previous day.








On the third day of arguments, on September 18,
2008, the parties and the trial court reviewed the record of the previous
hearings.  After still further argument
regarding keeping HOA in the suit, Defendants continued to dispute the
effective date of the assignment.  HOA
argued that the assignment should be interpreted to cover only claims for past
damages, not future claims for injunctive and declaratory relief on behalf of
the homeowners.  The trial court also
questioned whether the assignment covered future claims but announced:  AI think
that was the right thing to do [to bring in HOA].  I think that I did make a mistake when I said
they have an interest.@ 
The trial court stated his conclusion that he was going to deny the
motion to dismiss but prevent HOA from bringing claims they do not have. 

With regard to his previous ruling granting the
motion to strike HOA=s expert witness as untimely,
the trial court stated:  AI
withdrew . . . my ruling on the motion to strike when I reset the hearing for
today.  So at this point in time there=s not a
ruling on the motion to strike.@  The court agreed with HOA=s
counsel that HOA cannot be held to the deadlines under the Level 3 scheduling
order that had already passed before HOA was added as a party.  Instead, the trial court ruled that HOA could
not prosecute claims that it did not own; thus, it could not designate an
expert to prosecute those claims that it did not own because the trial court Ajust
[did not] think [it was] fair.@  On the fourth day, HOA completed its bill.








The written order striking HOA=s expert
does not state the grounds upon which it was granted, nor did the trial court
enter findings of fact and conclusions of law. 
After careful study of the record, we conclude that the trial court
struck HOA=s expert because it determined
that HOA had no claims, not because the designation was untimely.  However, we must uphold a trial court=s ruling
on any legal theory properly before it, even if the trial court gave an
incorrect reason for its ruling.  See
In re Wells, 252 S.W.3d 439, 446 (Tex. App.CHouston
[14th Dist.] 2008, orig. proceeding) (citing Guaranty County Mut. Ins. Co.
v. Reyna, 709 S.W.2d 647, 648 (Tex. 1986)). 
Therefore, we will address both possible grounds for the trial court=s order
granting the motion to strike HOA=s
expert.

                              Timeliness
of Expert Designation








The trial court observed, and no party disputed,
that the case was in Alimbo@ as to any
deadlines because all deadlines set forth in the Level 3 agreed scheduling
order had expired long before HOA was added as a new party.  Defendants argue that HOA failed to move for
a Level 3 scheduling order and, therefore, defaulted to the Level 2 nine-month
discovery period.  See Tex. R.
Civ. P. 190.3(a) (AUnless a suit is governed by a
discovery control plan . . . discovery must be conducted in accordance with
this subdivision.@).  We decline Defendants=
invitation to hold that HOA defaulted to the Level 2 nine-month deadline when
the case and all other parties were governed by Level 3.  Compare Tex. R. Civ. P. 190.3(b)(1)
(time limitations for discovery by rule), with Tex. R. Civ. P. 190.4(b)
(time limitations by order of court).








When a trial court does not sign an order
adopting a Level 3 discovery control plan, the default discovery limitations of
Level 1 (which does not apply here) or Level 2 apply.  See Allen v. United of Omaha Life Ins. Co.,
236 S.W.3d 315, 326 (Tex. App.CFort
Worth 2007, pet. denied).  However, here
the trial court did sign an order adopting a Level 3 discovery control plan for
the case before HOA=s joinder.  Although the deadlines in that order had
expired, we disagree with Defendants that one party can be governed by a
different discovery level than other parties in a case.  Rule 190.1 explicitly states that A[e]very case
must be governed by a discovery control plan as provided in this Rule.@  Tex. R. Civ. P. 190.1 (emphasis added).  Similarly, Rule 190.3 states that, unless a Asuit@ is
governed by a Level 1 or 3 discovery plan, it must be governed by Level 2.  Tex. R. Civ. P. 190.3(a).  Discovery control plans therefore apply to Acases@ and Asuits,@ not
parties.  There is no provision in the
rules, nor have Defendants provided any case holding, that some parties in a
multi-party case are governed by Level 2 while other parties in the same case
are governed by Level 3.  Application of
different discovery and expert deadlines under different discovery levels to
various parties in a multi-party suit would create unacceptable confusion and
proliferation of discovery disputes as this case illustrates.[8]








Moreover, the nine-month discovery period for a
Level 2 case had long since expired.  A
Level 2 discovery period begins Awhen
suit is filed@ and continues until the earlier
of thirty days before the date set for trial or nine months after the first
oral deposition or the due date of the first response to written
discovery.  Tex. R. Civ. P. 190.3(b)(1).  This suit was filed in 2004, over two years
before HOA was added as a party in 2007. 
HOA was joined as an involuntary plaintiff;[9]
its joinder was not the filing of a new Asuit@ that
restarted a Level 2 discovery period. 
Contrary to Defendants=
position, the trial court could not have found that the due date of the first
response to discovery sent by Defendants after HOA was joined triggered the
start of the deadline by which HOA must have designated its expert.  We conclude that HOA did not fail to timely
designate its expert based on a Level 2 discovery deadline because a Level 2
discovery deadline was not applicable to this case and that the trial court
abused its discretion to the extent that it struck the expert because the
designation was Alate@ in not
complying with Level 2 deadlines.[10]








On the other hand, the previous Level 3
scheduling order had never applied to HOA, and HOA had no deadline in place
after which it could not designate an expert, nor did it have any discovery
period in place during which it could do so. 
HOA could have moved for a new or modified scheduling order with
deadlines to allow further discovery and designation of experts, but we need
not decide whether HOA=s expert designation was somehow
rendered untimely by HOA=s failure to obtain a new or
modified Level 3 scheduling order since Defendants likewise failed to move for
such an order.[11]  Certainly, the better practice would have
been for all parties, upon HOA=s
joinder, to have submitted to the trial court a modified or new agreed
scheduling order to establish a new discovery period and deadlines.  Indeed, the confusion in this case arises
from the fact that the previous scheduling order had expired; the parties
proceeded with discovery without regard to the fact that their discovery cutoff
had passed and without seeking a new or modified scheduling order.








For this reason, even if HOA=s
designation of its expert was somehow untimely because it did not obtain a
Level 3 discovery period within which it could designate an expert, we conclude
that the trial court abused its discretion by implicitly finding that HOA
failed to meet its burden of establishing lack of unfair surprise or prejudice.
 See Bellino v. Comm=n for
Lawyer Discipline, 124 S.W.3d 380, 384 (Tex. App.CDallas
2003, pet. denied) (holding there is an implicit finding of good cause and no
unfair surprise in late disclosure of witness when the trial court permits the
witness to testify); Capital Metro. Transp. Auth. v. Cent. of Tenn. Ry.
& Navigation Co., 114 S.W.3d 573, 583 (Tex. App.CAustin
2003, pet. denied) (finding unfair surprise implicit in trial court=s
ruling).

Rule 193.6 prohibits a party from offering
evidence not timely disclosed in a discovery response Aunless
the court finds that: (1) there was good cause for the failure to timely make,
amend, or supplement the discovery response; or (2) the failure to timely make,
amend, or supplement the discovery response will not unfairly surprise or
unfairly prejudice the other parties.@  Tex. R. Civ. P. 193.6(a); see Fort Brown
Villas III Condo. Ass=n, Inc., 285
S.W.3d at 881 (holding party who fails to timely designate an expert must
establish good cause or lack of unfair surprise or prejudice before the trial
court may admit the evidence).  The
purposes of this rule are to promote responsible assessment of settlement and
prevent trial by ambush.  Tex. Mun.
League Intergov=tal Risk Pool v. Burns, 209
S.W.3d 806, 817 (Tex. App.CFort
Worth 2006, no pet.); see also Alvarado v. Farah Mfg. Co., 830 S.W.2d
911, 913B14 (Tex.
1992) (op. on reh=g) (applying predecessor rule
215(5)).  The party seeking to offer the
evidence at issue has the burden to establish good cause or lack of unfair
surprise or prejudice.  Tex. R. Civ. P.
193.6(b).  A finding of good cause or
lack of unfair surprise or prejudice to the adverse party must be supported by
the record.  Id.








The record here shows that Defendants brought HOA
into the suit after the case had been pending almost four years and kept it in
the suit for over a year while they conducted their discovery.  There were several agreed postponements of
the trial setting before and after joinder of HOA.  The Level 3 scheduling order, including discovery
deadlines and deadlines to designate experts, expired more than two years
before HOA was joined.  The trial court,
itself, recognized that no deadlines were in place and stated it would not hold
HOA to those deadlines.  Defendants
cannot argue that they were unfairly surprised by the timing of HOA=s expert
designation when they ignored the discovery cutoff under the expired Level 3
scheduling order and freely engaged in extensive discovery against HOA.  Nor can they argue unfair prejudice when HOA
designated its expert witness less than six months after asserting its
affirmative claims, at a time when there was still no trial setting, and when
Defendants knew of HOA=s expert designation and had his
report in May, refused HOA=s tender
of the expert for his deposition in July, and thereafter agreed to reset the
case for September and again for October.








Defendants had ample notice of the designation
and ample time to depose HOA=s expert
and to obtain their own expert during that five-and-a-half-month period but
declined to do so, preferring to stand on their motion to strike.  On this record, HOA established lack of
unfair surprise or prejudice.  See,
e.g., State v. Target Corp., 194 S.W.3d 46, 51 (Tex. App.CWaco
2006, no pet.) (holding trial court abused discretion by excluding late
designated expert where adverse party had his report timely, deposed him twice,
and had adequate opportunity to explore basis for opinions); Elliott v.
Elliott, 21 S.W.3d 913, 921 (Tex. App.CFort
Worth 2000, pet. denied) (lack of surprise shown by petitioner=s
pleadings providing notice of her mental health condition and experts were
listed in answer to an another interrogatory); see also Hilburn v. Providian
Holdings, Inc., No. 01-06-00961-CV, 2008 WL 4836840, at *11 (Tex. App.CHouston
[1st Dist.] Nov. 6, 2008, no pet.) (mem. op.) 
(party could not be heard to say he was prejudiced where he declined
offer of continuance to take deposition of untimely designated expert); Tri-Flo
Int=l, Inc. v. Jackson, No.
13-01-00472-CV, 2002 WL 31412532, at *2 (Tex. App.CCorpus
Christi Oct. 24, 2002, no pet.) (not designated for publication) (lack of
surprise established for late supplementation where trial court delayed trial,
allowed discovery and amendment of pleadings, and opposing party failed to
request continuance under rule 193.6(c)). 
We hold that the trial court abused its discretion to the extent that it
implicitly found HOA failed to establish lack of unfair surprise or prejudice
as to any untimeliness of its expert designation.[12]








                               Lack
of Any Claims as Basis for

                                          Striking
Expert

 

HOA argues that the trial court erred by striking
its expert on the ground that it had no claims. 
During one of the four days of the hearing, the trial court stated,

[T]he discussion of the
assignment still makes [HOA] a proper party to the case.  They=re not going to be able to bring these additional
claims, [HOA], because they don=t have the authority to bring any claims.  I think they are not entitled to an interest;
they are just entitled to money from Prosper. 
I think it=s Prosper=s responsibility to prosecute
those.

 

The trial court concluded, based on its
interpretation of the assignment to Prosper, that HOA had no individual
claims.  The trial court then ruled that
HOA could not designate an expert because it had ruled that HOA did not have
any claims.  HOA argued that the trial
court=s
determination was erroneous because there was no motion for summary judgment
before the trial court regarding its claims, nor as the trial court itself
noted, was any motion on file to strike HOA=s
pleadings.








By precluding HOA from pursuing its claims in the
suit, the trial court improperly effected the same type of disposition as a
dismissal, a ruling striking HOA=s
pleadings, or a partial summary judgment, vitiating HOA=s case
by precluding consideration of those claims as a matter of law.  See, e.g., Reynolds v. Murphy, 266
S.W.3d 141, 146 (Tex. App.CFort
Worth 2008, pet. denied) (holding that by striking new causes of action in
amended petition and refusing to allow discovery on those claims, trial court
improperly effected dismissal with prejudice without affording appellant
opportunity to replead); Gallien v. Wash. Mut. Home Loans, Inc., 209
S.W.3d 856, 862 (Tex. App.CTexarkana
2006, no pet.) (motion to strike amended pleadings that attacks substance of
amended pleading improper procedural mechanism); Rodriguez v. U.S. Sec.
Assocs., Inc., 162 S.W.3d 868, 873B74 (Tex.
App.CHouston
[14th Dist.] 2005, no pet.) (same).








In a creative procedural twist, Defendants used
their motion to strike HOA=s expert
to attack HOA=s claims.  No such vehicle is authorized by the Texas
procedural rules as a means to summarily dismiss substantive claims.  Rodriguez, 162 S.W.3d at 873; Centennial
Ins. Co. v. Commercial Union Ins. Cos., 803 S.W.2d 479, 482B83 (Tex.
App.CHouston
[14th Dist.] 1991, no writ) (holding trial court lacked authority to dismiss
substantive claims).  Special exceptions
and motions for summary judgment provide well-settled procedural guidelines and
protections.  Centennial Ins. Co.,
803 S.W.2d at 482.  Motions to dismiss
claims or, as in this case, motions to strike an expert because a party has no
claims, carry no such safeguards and are antithetical to fundamental safeguards
of due process.  Such a motion is not
properly denominated and triggers no specified timetables for response or
protective measures to assure that proper causes of action are preserved.  We do not address the merits of the validity
or effect of the oral or written assignment nor their effective dates, absent a
ruling on a proper motion.  We simply
hold that the trial court abused its discretion to the extent that it struck
HOA=s expert
on the basis that HOA did not have any claims.

                                 Adequate
Remedy by Appeal








Appellate courts will not intervene to control
incidental trial court rulings when an adequate remedy by appeal exists.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); Walker, 827 S.W.2d at
840.  But a party will not have an
adequate remedy by appeal (1) when the appellate court would not be able to
cure the trial court=s discovery error, (2) when the
party=s
ability to present a viable claim or defense at trial is vitiated or severely
compromised by the trial court=s
discovery error, or (3) when the trial court disallows discovery and the
missing discovery cannot be made a part of the appellate record or the trial
court, after proper request, refuses to make it part of the record.  In re Van Waters & Rogers, Inc., 145
S.W.3d 203, 210B11 (Tex. 2004) (orig.
proceeding); In re Ford Motor Co., 988 S.W.2d 714, 721 (Tex. 1998)
(orig. proceeding); Walker, 827 S.W.2d at 843.

With respect to the second scenario, the relator
must establish the effective denial of a reasonable opportunity to develop the
merits of his or her case, so that the trial would be a waste of judicial
resources.  Walker, 827 S.W.2d at
843.  When, for example, a trial court
imposes discovery sanctions that effectively preclude a decision on the merits
of a party=s claimsCsuch as
by striking pleadings, dismissing an action, or rendering default judgmentCa party=s remedy
by eventual appeal is inadequate, unless the sanctions are imposed simultaneously
with the rendition of a final, appealable judgment.  Id. (citing TransAm. Natural Gas Corp.
v. Powell, 811 S.W.2d 913, 919 (Tex. 1991)).

Defendants argue that HOA has not established
that it lacks an adequate remedy by appeal. 
First, Defendants argue that an appellate court would be able to cure
the trial court=s alleged discovery error, if
any; therefore, HOA has an adequate remedy by appeal.  Next, Defendants contend that HOA=s claims
have not been vitiated or severely compromised by the trial court=s order
excluding its expert testimony.








The record contains evidence that HOA=s expert
will testify at trial on three matters essential to its claims:  (1) that the changes made by Defendants to
the topography of land are contrary to standards established by the Texas Water
Code and the Drainage and Surface Flow Agreement; (2) that the changes caused
and will continue to cause damage to HOA=s
property; and (3) that the solutions offered by Prosper would remedy the
problems created by Defendants. 
Specifically, HOA argued that the expert is necessary to help the jury
understand Awho violated responsibilities to
whom.@  HOA also asserted that it would be unable to
meaningfully participate in the trial without its expert.  There was no controverting evidence.  On this record, the exclusion of its expert=s
testimony prevents HOA=s ability to fairly try this
lawsuit, with foreseeable harm as the result. 
See Loffland Bros. Co. v. Downey, 822 S.W.2d 249, 252 (Tex. App.CHouston
[1st Dist.] 1991, orig. proceeding).  HOA=s claims
at trial, unless shown to be meritless by a proper procedural vehicle, will be
eviscerated without introduction of expert testimony, and trial rendered no
more than an empty exercise.  Walker,
827 S.W.2d at 841.  Remedy by appeal in a
discovery mandamus is not adequate where a party is required Ato try
his lawsuit, debilitated by the denial of proper discovery, only to have that
lawsuit rendered a certain nullity on appeal. . . .@  Id.








Finally, Defendants contend that because HOA has
made the expert testimony at issue a part of the appellate record, all
necessary information is available to the reviewing court and mandamus is not
appropriate.  Defendants cite no
authority for that proposition.  The
presence of the summary of the testimony in the mandamus record does not
compensate for the gutting of HOA=s claims
at trial.  Requiring a party to try its
lawsuit without expert testimony, only to have the lawsuit rendered a certain
nullity on appeal, falls short of a remedy by appeal.  See id. 
Here, the trial court has excluded HOA=s sole
expert witness, preventing it from fairly trying its lawsuit, thus resulting in
foreseeable harm.  See id.

                                             Conclusion

We conclude that the trial court clearly abused
its discretion by granting Defendants= motion
to strike Relator=s expert witness.  We conditionally grant Relator=s
petition for writ of mandamus.  We are
confident that the trial court will vacate its September 29, 2008 order
granting defendants= motion to strike Relator=s expert
witness; the writ will issue only if the trial court fails to do so.

 

 

 

ANNE
GARDNER

JUSTICE

PANEL:  GARDNER, WALKER, and
MEIER, JJ.

DELIVERED:  October 13, 2009











[1]Other defendants settled
prior to the filing of the petition for writ of mandamus and are not discussed
herein.





[2]Following HOA=s designation, Prosper
moved for leave to cross-designate Pettit as its expert, to which Defendants
objected.





[3]The trial court stated on
August 29, ASo we just need to reset
everything that was set for yesterday and today to where everybody can properly
be heard and go from there.  So what I=m going to do is
everything that was discussed yesterday is B we=re going to reset all that and have it all heard.@





[4]The October 20, 2008
trial setting was postponed by the court upon the filing of HOA=s petition for writ of
mandamus.





[5]Rule 190.3 defines the
Level 2 discovery period and provides that, unless a suit is governed by a
discovery control plan under Rules 190.2 ($50,000 or less) or 190.4 (discovery
control plan by order), discovery must be conducted within a discovery period
beginning when suit is filed and continuing, except for family code cases,
until the earlier of thirty days before trial or nine months after the earlier
of the first oral deposition or the due date of the first response to written
discovery.  Tex. R. Civ. P. 190.3(a),
(b)(1)(B).





[6]See Daniels v. Yancey,
175 S.W.3d 889, 893B94 (Tex. App.CTexarkana 2005, no pet.);
Coastal Mart, Inc. v. Hernandez, 76 S.W.3d 691, 699 (Tex. App.CCorpus Christi 2002, pet.
dism=d by agr.); see also
Litchenburg v. Conmed Corp., No. 01-07-00230-CV, 2008 WL 598267, at *2
(Tex. App.CHouston [1st Dist.] Mar.
6, 2008, pet. denied) (mem. op.) (noting that generally, a trial resetting has
the effect of nullifying a discovery deadline set by a docket control order if
the trial is reset to a date more than thirty days from the initial trial
date).  We note that these cases were
decided before the Supreme Court recently held that although deadlines for
designating expert witnesses under former pretrial discovery rules were fluid
and depended on the trial date, those deadlines no longer fluctuate with the
change of a trial setting but are determined by the discovery period applicable
to the case under current rules.  Fort
Brown Villas III Condo. Ass=n, Inc. v. Gillenwater, 285 S.W.3d 879, 882
(Tex. 2009).





[7]The trial court also
ruled that it was denying Prosper=s motion for leave to cross-designate the
expert.  Prosper has not challenged that
ruling by seeking mandamus relief.





[8]Rule 195.2 governs
deadlines for designating experts but provides no enlightenment.  It merely provides, as relevant here, that
all experts testifying for a party seeking affirmative relief must be
designated by ninety days before the end of Athe discovery period.@  Tex. R. Civ. P. 195.2(a).





[9]Texas Rule of Civil
Procedure 39(a) governs joinder of necessary parties:

 

Persons to be Joined if
Feasible.  A person who is subject to service of process
shall be joined as a party in the action . . . if (2) he claims an interest
relating to the subject of the action and is so situated that the disposition
of the action in his absence may (i) as a practical matter impair or impede his
ability to protect that interest . . . . 
If he should join as a plaintiff but refuses to do so, he may be made a
defendant, or, in a proper case, an involuntary plaintiff.

 

Tex. R. Civ.
P. 39(a).





[10]HOA also complains that
the trial court should not have permitted Defendants to treat it as one and the
same party as Prosper, with no separate set of deadlines.  This complaint goes to the merits of the
issue of the assignment=s validity and breadth
and is subsumed by HOA=s contention that the
trial court erred by striking the witness on the ground that HOA had no claims,
which we address below.





[11]Nor did the trial court
evidently consider entering such an order on its own motion.  See Tex. R. Civ. P. 190.4(a) (the trial
court Amay, on its own
initiative,@ order that the case
proceed under a discovery control plan); Tex. R. Civ. P. 190.5 (the trial court
Amay modify a discovery
control plan at any time and must do so when the interest of justice
requires@) (emphasis added).





[12]Having held that HOA
established lack of unfair surprise or prejudice, we need not consider whether
it also established good cause.  See,
e.g., Gutierrez v. Gutierrez, 86 S.W.3d 729, 734 (Tex. App.CEl Paso 2002, no pet.)
(noting that Rule 193.6 allows alternatives to good cause of lack of unfair
surprise or prejudice, unlike former rule 215(5), which required strict showing
of good cause); Elliott, 21 S.W.3d at 921 n.7.